CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 24 2017

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRIS LEON MEADOR, | ) |
| Plaintiff, | ) Civil Action No. 7:16CV00158 |
| v. | ) **MEMORANDUM OPINION** |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| | ) By: Hon. Glen E. Conrad |
| Defendant. | ) United States District Judge |

The plaintiff, Chris Leon Meador, has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq. Jurisdiction of this court is established pursuant to 42 U.S.C. § 405(g) and § 1383(c)(3).

By order entered December 12, 2016, the court referred this case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). On July 31, 2017, the magistrate judge submitted a report in which he recommends that the Commissioner's final decision denying plaintiff's entitlement to disability insurance benefits and supplemental security income benefits be affirmed. Plaintiff has filed objections to the magistrate judge's report.

This court reviews, de novo, the magistrate judge's report and recommendation. See 28 U.S.C. § 636(b)(1). The court's review of the Commissioner's final decision is limited to a determination as to whether there is "substantial evidence" to support the Commissioner's conclusion that plaintiff has filed to establish entitlement to disability insurance benefits and supplemental security income benefits. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated

briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Chris Leon Meador, was born on April 16, 1957. While plaintiff completed the ninth grade in school, the record establishes that he is functionally illiterate. (TR 327-28). As found by the vocational expert who testified at the supplemental administrative hearing, Mr. Meador has worked as a carpenter, floor maintenance worker, and order picker. (TR 47-48). While plaintiff reported that he last worked in 2011, the Administrative Law Judge found that Mr. Meador engaged in substantial gainful activity in both 2011 and 2012. (TR 15, 327). On July 29, 2011, plaintiff filed application for a period of disability and disability insurance benefits. Sometime later, he filed application for supplemental security income benefits. Mr. Meador alleged that he became disabled for all forms of substantial gainful employment on July 3, 2009, due to his inability to read or write. (TR 135). The Social Security Administration adjudicated the case as one in which the primary diagnosis is organic mental disorder. (TR 153). For purposes of plaintiff's application for disability insurance benefits, the Administrative Law Judge found that Mr. Meador met the insured status requirements of the Act at all relevant times covered by the Law Judge's final decision. See, gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Meador's claims were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated October 31, 2014, the Law Judge also determined that plaintiff was not disabled. The Law Judge found that Mr. Meador suffered from mild to moderate breathing disorder with a diagnosis of chronic obstructive pulmonary disease; degenerative disc disease of the cervical and lumbar spines; reading disorder; borderline intellectual functioning; and anxiety. (TR 16).

Despite such impairments, the Law Judge ruled that plaintiff retained the functional capacity for medium work activities. (TR 19). The Law Judge assessed Mr. Meador's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the claimant can have no concentrated exposure to pulmonary or respiratory irritants. The claimant can understand, carry out and remember simple instructions, but not detailed or complex job instructions. He can respond appropriately to supervision, coworkers, and usual work situations and deal with changes in a routine work setting on a sustained basis. Jobs cannot require reading or writing.

(TR 19). Given such a residual functional capacity, and after considering testimony from a vocational expert, the Law Judge held that plaintiff retains the capacity to perform his past relevant work as an order picker. (TR 29). Given residual functional capacity for medium exertion, and after considering Mr. Meador's age, education, and prior work experience, as well as testimony from the vocational expert, the Law Judge also determined that plaintiff retained sufficient functional capacity for light work activity such as cafeteria attendant, assembler, and packing line worker. (TR 30). Accordingly, the Law Judge ultimately concluded that Mr. Meador was not disabled, and that he is not entitled to benefits under either federal program. See gen., 20 C.F.R. § 404.1520(f) and (g) and § 416.920(f) and (g). (TR 31). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Meador then appealed to this court.

As previously noted, the court referred this case to a magistrate judge for a report setting forth findings of fact, conclusions of law, and recommended disposition. The magistrate judge filed a report on July 31, 2017. The magistrate judge recommended that the court affirm the final decision of the Commissioner denying plaintiff's entitlement to disability insurance benefits

3

and supplemental security income benefits. Among other things, the magistrate judge held that the Law Judge's determination of capacity for past relevant work is not supported by substantial evidence. Neither side has objected to this conclusion. The magistrate judge went on to determine that the Law Judge's finding of residual functional capacity for alternate work activity, at the fifth and final stage of the sequential disability analysis set forth under 20 C.F.R. §§ 404.1520(g) and 416.920(g), is supported by substantial evidence. Based on the arguments adduced by Mr. Meador's attorney, the magistrate judge recognized that one of the primary issues in this case turns on whether the Law Judge properly accounted for plaintiff's limitations in terms of concentration, persistence, and pace in formulating a finding as to residual functional capacity, for consideration by the vocational expert. After reviewing the medical record, the magistrate judge ruled that the Law Judge's properly relied on the vocational expert's testimony in finding residual functional capacity for several specific work roles existing in significant number in the national economy.

In objecting to the magistrate judge's recommendation, plaintiff has focused on a somewhat different issue. Noting that it is now agreed that Mr. Meador was disabled for all of his past relevant work roles, and given that the vocational expert only identified light work roles as possible alternatives, plaintiff maintains that the Commissioner has failed to carry the burden in establishing the existence of alternate work roles which plaintiff can now be expected to perform. See, gen., Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989); Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975). Plaintiff's argument is premised on the notion that if he can now do only light work roles, the medical vocational guidelines direct a determination of disabled. See gen., 20 C.F.R. §§ 404.1569 and 416.969, and Rule 202.02 of Appendix 2 to Subpart P of 20 C.F.R.

This court believes that the magistrate judge properly covered this issue in his opinion, and that plaintiff's objection is without merit. As recognized by the magistrate judge, it is now well settled that, as a general rule, if a claimant is deemed capable of performing at one exertional level, it is generally assumed that the claimant is capable of performing at lesser levels of exertion. See, e.g., Hayes v. Sullivan, 907 F.2d 1453, 1455 n.1 (4th Cir. 1990) (relying on 20 C.F.R. §§ 404.1567 and 416.967). Except as to those rare cases in which a claimant is unable to engage in prolonged sitting, but is able to work in jobs permitting a combination of sitting, standing, and/or walking, this rule is consistent with the Dictionary of Occupational Titles, which recognizes that the differences between light, medium, and heavy work are expressed only in terms of "physical demand." Dictionary of Occupational Titles, Appendix C (4th Ed., Rev. 1991) and SSR 83-10. In the court's view, plaintiff's argument is deficient, both as a matter of law and as a matter of common sense.

In passing, the court notes that it also believes that the magistrate judge properly determined that the Law Judge's formulation of plaintiff's residual functional capacity is supported by substantial evidence. As previously noted, Mr. Meador's primary impairment consists of mental and emotional dysfunction. During the administrative development of his case, plaintiff was seen by two consultative psychologists. Dr. Roger DeLapp completed a psychological report on August 8, 2012. Dr. DeLapp reported, among other things, that plaintiff's attention and concentration are a "significant weakness." (TR 471). Dr. Jeffrey Luckett completed a consultative psychological study on June 5, 2014. Dr. Luckett observed that Mr. Meador would have moderate impairment in his capacity to interact with the public and respond appropriately to work situations. (TR 624). The psychologist also noted that plaintiff experiences "some difficulty in paying appropriate attention." (TR 629).

In his memorandum in support of a motion for summary judgment, plaintiff argued before the magistrate judge that the Law Judge erred in failing to include such emotional difficulties in his finding as to plaintiff's residual functional capacity, as well as in the hypothetical question presented to the vocational expert. In support of this contention, plaintiff relied on the decision of the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

It is true that Mascio stands for the proposition that a mere finding of limitation to simple, unskilled work does not take into account a claimant's moderate limitations in the ability to concentrate, work regularly, and stay on task. However, in the instant case, the court agrees with the magistrate judge that there is substantial evidence to support the Law Judge's finding that plaintiff's emotional limitations are not so severe as to prevent performance of work involving only simple instructions, or otherwise such as to prevent appropriate responses to supervision, co-workers, usual work situations, or changes in a routine work setting. In his psychological report, Dr. DeLapp concluded as follows:

> Mr. Meador has a history of 40+ years successfully working as a carpenter doing a wide range of carpentry tasks in home building. He could be in regular attendance at work and work on a consistent basis. He needs some help with reading and writing when that is required. He does not have a psychiatric condition that would interrupt his ability to work a normal workday or work week. He does not have a history of problems getting along with supervisors, coworkers or the public and he has withstood the competitive stress of the workplace in the past.

(TR 473). At the conclusion of his assessment, Dr. Luckett commented as follows:

> In regards to employment, from a strictly psychological standpoint, the claimant would be able to perform simple and repetitive tasks without difficulty. He would not be able to perform more detailed and complex job requirements due to his lower IQ abilities. He would be able to maintain regular attendance in the work place and to work on a consistent basis. He would not need additional supervision once he has grasped the nature of his job requirements. He would be able to complete a normal work day and work week without interruption from any

6

> type of psychological difficulty. He would be able to work with peers and supervisors appropriately. They would need to understand and accept his lack of reading and writing abilities.

(TR 631). The court believes that the consultative reports of Dr. DeLapp and Dr. Luckett support the Commissioner's disposition.[1] Stated differently, the court does not believe that the rationale of Mascio applies in this case, given the totality of the medical and psychological evidence.

After a de novo review of the record, and for the reasons set forth above, the court is constrained to conclude that the final decision of the Commissioner is supported by substantial evidence. Accordingly, plaintiff's objections to the magistrate judge's report are OVERRULED, the magistrate judge's recommendation will be ADOPTED, and the final decision of the Commissioner will be AFFIRMED. See Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER this 24th day of August, 2017.

_____
United States District Judge

---

[1] The court recognizes that the Administrative Law Judge stated that he gave "only some weight" to the reports of the state medical consultants who examined Mr. Meador. (TR 27). The Law Judge gave "great weight" to reports from state agency psychologists, who only conducted record reviews and who determined that Mr. Meador suffers from less severe work-related emotional difficulties than those identified by the state medical consultants. (TR 27). The Law Judge's reasoning in this respect is questionable. Under 20 C.F.R. §§ 404.1527(b)(1) and 416.927(b)(1), it is specifically provided that, generally, more weight should be given to the opinion of a medical source who has actually examined a claimant. However, as noted above, even if greater weight is given to the findings of Dr. DeLapp and Dr. Luckett, substantial evidence supports the Commissioner's denial of plaintiff's claims for benefits.